OPINION
{¶ 1} In Case No. CA2002-09-216, defendant-appellant, Clifford Hogan, appeals from the Butler County Common Pleas Court's decision granting a guardian ad litem's motion to quash a subpoena issued to her by Hogan, and ordering Hogan to pay the guardian's attorney fees. In Case No. CA2002-00-225, Hogan appeals from the Butler County Common Pleas Court's decision granting the guardian's motion to quash a second subpoena issued to her by Hogan, ordering Hogan to pay the guardian additional attorney fees, and further ordering Hogan to pay the fees of a new guardian ad litem, who had to be appointed after the first one withdrew from the case because she felt "harassed and threatened" by Hogan's actions. These two appeals have been consolidated for purposes of review.
 {¶ 2} Hogan and his former wife, Kathleen, were divorced on February 2, 2000. This court affirmed the trial court's judgment issuing the divorce decree. See Hogan v. Hogan, (Nov. 20, 2000), Butler App. No. CA2000-02-037. The parties have two children born as issue of their marriage: Amanda Marie Hogan, born on May 23, 1989, and Madeline Anne Hogan, born on April 2, 1991.
 {¶ 3} On August 4, 2000, Hogan moved to enforce a certain provision in the parties' shared parenting plan. On September 22, 2000, Kathleen moved to terminate or modify the parties' shared parenting plan. On September 25, 2000, a pretrial conference was held on the parties' motions. At this time, the trial court appointed Elizabeth Yauch as the guardian ad litem for the parties' children.
 {¶ 4} From September 25, 2000, to January 29, 2002, the parties filed 14 additional motions, for which numerous hearings were held. On February 26, 2002, an agreed entry was filed, which, among other things, named Kathleen as the residential parent and legal custodian of the parties' children.
 {¶ 5} On June 5, 2002, Hogan issued a subpoena duces tecum to Yauch, ordering her to bring to the court "[y]our entire file regarding the [sic] Amanda Hogan and Madeline Hogan." Yauch moved to quash the subpoena, arguing, among other things, that the information sought constituted work product, and that some of this information "w[ould] only serve to inflame the parties and thus cause harm to the children."
 {¶ 6} On August 7, 2002, the trial court granted Yauch's motion to quash, finding that "Hogan is not entitled to the notes in the guardian's file because (1) the notes are not a record[,] (2) they are protected by privilege and (3) it would not be in the child[ren's] best interest to release them." The trial court ordered Hogan to pay the guardian ad litem $350 in attorney fees within 60 days.
 {¶ 7} On August 15, 2002, Hogan issued a second subpoena to Yauch, ordering her to bring the following documents to court:
 {¶ 8} "(1) Copies of the entire files, records, for Amanda Marie Hogan and Madeline Anne Hogan, including but not limited to, administered tests, audio tapes, correspondence and reports, notes are not included.
 {¶ 9} "(2) Copies of the entire files, records, for Clifford F. Hogan, including but not limited to, administered tests, audio tapes, correspondence and reports, including notes on Clifford F. Hogan." (Emphasis sic.)
 {¶ 10} Yauch again moved to quash Hogan's subpoena. She also moved to withdraw as guardian ad litem for the Hogan's children on the ground that she felt "harassed and threatened" by Hogan.
 {¶ 11} On August 28, 2002, a brief hearing was held on Yauch's motion to quash Hogan's second subpoena. After hearing arguments from both parties and Yauch, the trial court granted Yauch's motion to quash Hogan's August 15th subpoena and awarded her an additional $150 in attorney fees. The trial court also granted Yauch's motion to withdraw as guardian ad litem and ordered the appointment of a new guardian ad litem at Hogan's cost.
 {¶ 12} Hogan appeals from the trial court's judgments of August 7, 2002, and August 28, 2002 and raises three assignments of error.
Assignment of Error No. 1
 {¶ 13} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT QUASHED EACH SUBPOENA ISSUED TO THE GUARDIAN AD LITEM."
 {¶ 14} Hogan argues that the trial court erred in quashing each subpoena issued to Yauch. In furtherance of this argument, Hogan concedes that Yauch's private notes taken from her interviews with the children constitute nondiscoverable "work product." Nevertheless, Hogan argues that the trial court erred in granting Yauch's motion to quash his second subpoena. He asserts that he cured the defect in his first subpoena with the language in his second subpoena that excluded Yauch's private notes from the list of materials he sought.
 {¶ 15} A trial court has broad discretion in discovery matters, including whether to grant or deny a motion to quash a subpoena, and its decision will not be reversed on appeal absent an abuse of discretion. See Dirksing v. Blue Chip Architectural Products, Inc. (1994),100 Ohio App.3d 213, 227 (management of discovery process lies within trial court's sound discretion). A trial court abuses its discretion only when its decision is arbitrary, unconscionable or unreasonable. Id.
 {¶ 16} Initially, if Hogan was correct in stating that Yauch's private notes taken during her interviews with the children are work product, and, therefore, exempt from disclosure, then the trial court would have been justified in granting Yauch's motion to quash Hogan's second subpoena, as well as his first. In his second subpoena, Hogan did exempt Yauch's notes from the list of materials that he sought to have Yauch produce. However, in the second paragraph of the subpoena, Hogan demanded that Yauch turn over any notes she had taken regarding him. Under Hogan's definition of "work product," any private notes that Yauch took regarding Hogan would not be subject to disclosure. Moreover, Hogan's request for all of Yauch's notes concerning himself would probably encompass most of her notes about the Hogans' children, yet Hogan has conceded that those notes are work product and, therefore, exempt from disclosure.
 {¶ 17} Notwithstanding Hogan's concessions to the contrary, we conclude that Yauch's file does not constitute "work product." The work product doctrine is found in Civ.R. 26(B)(3), which states, in pertinent part:
 {¶ 18} "(3) Trial preparation: materials. * * * [A] party may obtain discovery of documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing of good cause therefor."
 {¶ 19} The work product doctrine allows a party to obtain materials prepared in anticipation of litigation or for trial by or for a party, or by or for a party's attorney or other representative "only upon a showing of good cause therefor." In this case, however, Yauch never acted as an attorney or other representative for one of the parties. Therefore, Yauch's files were not protected from disclosure under the work product rule.
 {¶ 20} Civ.R. 75(B)(2) provides that "[w]hen it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the cost." However, while Yauch was appointed to serve as the children's guardian ad litem, she was not appointed to act as their legal counsel. See In re Clark,141 Ohio App.3d 55, 60 ("[a]n appointment to act as [guardian ad litem] * * * does not constitute an appointment to act as the children's lawyer without an express appointment also to act as such"). Consequently, Yauch's files are not entitled to any protection from disclosure under the work product doctrine.
 {¶ 21} In granting Yauch's motion to quash, the trial court initially found that the guardian ad litem's notes are not a "record" that is subject to disclosure. Hogan challenges this finding on appeal, arguing that the guardian's files are a record subject to disclosure under the parties' agreed entry of February 26, 2002. The agreed entry states in pertinent part:
 {¶ 22} "IT IS FURTHER ORDERED that each parent shall have equal access to the children's school, day care center, medical, or educational records and extracurricular or recreational activities, or an order limiting a parent's access to specific areas. Any order limiting a parent's access shall contain specific findings of fact which support such limitation. The order shall contain a notice to school and daycare officials and to all keepers of records that their knowing failure to comply with the order may be punishable as contempt of court."
 {¶ 23} This provision essentially tracks the language in R.C.3109.051(H), which provides, in pertinent part:
 {¶ 24} "(H)(1) * * * [A] parent of a child who is not the residential parent of the child is entitled to access, under the same terms and conditions under which access is provided to the residential parent, to any record that is related to the child and to which the residential parent of the child legally is provided access, unless the court determines that it would not be in the best interest of the child for the parent who is not the residential parent to have access to the records under those same terms and conditions. * * *.
 {¶ 25} "(2) * * * [S]ubsequent to the issuance of an order under division (H)(1) of this section, the keeper of any record that is related to a particular child and to which the residential parent legally is provided access shall permit the parent of the child who is not the residential parent to have access to the record under the same terms and conditions under which access is provided to the residential parent * * *."
 {¶ 26} R.C. 3109.051(H) and the provision in the parties' agreed entry on which Hogan relies, do not, per se, grant either party access to the guardian's file. Instead, these provisions merely ensure that Hogan will have equal access to any record relating to the parties' children that Kathleen has.
 {¶ 27} Nevertheless, parties generally should be granted broad leeway in discovering material that may be useful to them in preparing for litigation. See, generally, Stegawski v. Cleveland Anesthesia Group,Inc. (1987), 37 Ohio App.3d 78, 85. The fact that a guardian's files do not constitute a record for purposes of the parties' agreed entry or R.C. 3109.051(H) does not, standing alone, provide a valid reason for quashing a subpoena seeking their disclosure.
 {¶ 28} The trial court cited two grounds for granting the guardian ad litem's motions to quash. First, the trial court found that the material sought by Hogan was "privileged." The trial court did not specify what privilege to which it was referring, but it appears that the trial court was referring to Yauch's role as the children's guardian ad litem, or, perhaps, the "work product" doctrine cited by Yauch in the proceedings below. However, for the reasons discussed earlier, Yauch cannot claim that an attorney-client privilege existed between her and the Hogans' children, nor can Yauch claim that her files regarding the children are entitled to any privilege under the work product doctrine of Civ.R. 26(B)(3).
 {¶ 29} The trial court also found that it would not be in the children's best interest to require the guardian to disclose her files. We agree that a trial court has discretion to grant a motion to quash a subpoena for a guardian ad litem's files if the court finds that it would not be within the children's best interest to allow disclosure of the files. But in order to make such a finding, the trial court must first make an in camera inspection of the files sought. In this case, the trial court never requested Yauch to make her files available to it for an in camera inspection. Therefore, the trial court was not in a position to find, as it did, that it would not be in the children's best interest to permit the files to be disclosed. We conclude that the trial court abused its discretion by not making an in camera inspection of the material sought by Hogan, before declaring that it would not be in the children's best interest to permit the guardian's files to be disclosed to Hogan.
 {¶ 30} On remand, the trial court shall order Yauch to produce her files on Hogan and the children to allow the trial court to inspect them in camera. Once the trial court is provided with the guardian's files, it is to determine whether or not it would be in the children's best interests to allow the files to be released to Hogan.
 {¶ 31} Hogan's first assignment of error is sustained.
Assignment of Error No. 2
 {¶ 32} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED HIM TO PAY ATTORNEY FEES TO THE GUARDIAN AD LITEM."
 {¶ 33} In light of our disposition of Hogan's first assignment of error, the trial court's order that Hogan pay attorney fees to the guardian ad litem in the amount of $500 is vacated. On remand, the trial court will determine whether it would be in the children's best interest to grant Hogan access to the guardian ad litem's files. If it decides access would not be in the children's best interest, the trial court may reconsider the issue of whether the guardian ad litem is entitled to attorney fees, and, if so, in what amount.
 {¶ 34} Hogan's second assignment of error is sustained to the extent indicated.
Assignment of Error No. 3
 {¶ 35} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ORDERED HIM TO PAY THE ENTIRE FEES FOR THE REPLACEMENT GUARDIAN AD LITEM."
 {¶ 36} In light of our disposition of Hogan's first and second assignments of error, the trial court's order requiring Hogan to pay the entire fee for the replacement guardian ad litem is vacated. On remand, the trial court shall reconsider the issue in light of all the facts, circumstances and evidence before it.
 {¶ 37} Hogan's third assignment of error is sustained to the extent indicated.
 {¶ 38} The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.
YOUNG, J., concurs.
WALSH, J., dissents.